[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Catherine T. Sparks, brought this action on January 7, 1988 in order to quiet title to a certain piece or CT Page 3389 parcel of real estate situated in the Town of East Hartford, now known as 7 Cherry Street but formerly designated Village Street Extension. Plaintiff derives her title from a probate certificate of devise dated June 19, 1974 and recorded June 21, 1974 at Volume 545, page 250 of the East Hartford land records. There are three named defendants, Gertrude Koshefsky, Eva Kelly and Edward Olshefski, also known as Edward White. Each of these parties was served and adequate notice was given to all other interested parties by publication per order of the court. Edward White later died and Harry White, Administrator of his Estate, was substituted as the defendant. The plaintiff claims marketable title under Section 47-33c of the Conn. Gen. Stats., and also by adverse possession.
With respect to the claim of adverse possession it is clear from the evidence adduced at the hearing that the plaintiff had absolutely no knowledge of any interest claimed by any other parties and thus an essential element of adverse possession is missing and said claim must fail. Indeed it appears from the evidence that the defendants themselves had no knowledge whatsoever of any interest they may have had in such property until the plaintiff set about clearing her title.
It appears that this suit was brought because at the time it was instituted a certain quitclaim deed, dated June 18, 1928, had not been located. At the time of trial, however, this deed had been located. Certified copies of this quitclaim deed and six others, together with certified copies of two certificates of devise were introduced into evidence, all of which taken together provided a complete record title in the plaintiff. The defendants, however, have challenged the validity of this deed.
The certified copy of the 1928 deed offered into evidence was a photocopy of that which appears on the East Hartford land records. During the period when this deed was recorded, the original deeds were copied into the land records by typewriter and all signatures thereon were copied into the land records by typewriter; thus the photocopy of the deed as it exists in the land records has no original signatures on it, rather, it has typewritten signatures of the grantor, the witnesses and the person taking the acknowledgment. The defendants argue that the transcript was, therefore, unsigned; that no original was produced; that there was no testimony from anyone who may have witnessed the signing of the deed and thus they draw the conclusion that the deed is insufficient to maintain the chain of title. They overlook, however, that by statute the certified copy of the deed has the same force and effect as the original deed. CT Page 3390
In addition to the argument outlined above two defendants testified, Gertrude Koshefsky and Harry White, the Executor of the Estate of Edward White, and each testified that they had never transferred their interest in this property; i.e., Gertrude testified that she had never conveyed her interest to anyone and Harry White testified that his brother had never conveyed his interest to anyone. Theresa Olschefsky Grisel Glode, the grantee on this 1928 deed testified she had never received the interest of the grantors. This testimony interjected into this case, of course, the issue of credibility.
The transfer took place in 1928. Each of the witnesses is very elderly. The Executor has no personal knowledge of that to which he testified. It is the court's opinion that those who testified actually had no recollection whatsoever of any transactions. None of the witnesses had any connection with this property or anybody occupying this property for approximately 60 years. Their testimony was insufficient to overcome the evidence of the certified copy of the deed. It is the conclusion of this court that the chain of title ie is complete from 1921 until 1974, when the property ultimately vested in the plaintiff. The property is still in the name of the plaintiff and Section 47-33c applies as well. The plaintiff has good and marketable record title.
Judgment may enter for the plaintiff on the plaintiff's complaint, and for the reasons outlined above, judgment may enter for the plaintiff on the defendant's counterclaim.
Title to the real estate known as 7 Cherry Street, East Hartford, Connecticut, a description of which appears in the complaint, is declared to be in Catherine T. Sparks, the plaintiff in this case.
HALE, J.